whole course of decisions under the English bankrupt acts, should govern in the present case; and I therefore decide that the Casco National Bank was not barred from proving the full amount of the notes in question against the bankrupt's estate, on account of the mortgage of real estate given to the bank by the makers of said notes as security for their payment, said mortgage not being foreclosed, and being merely a security for the debt.

The mortgages of the personal property of the shovel company, held by claimant to secure the payment of these notes, present a further question, entirely independent of that growing out of the mortgage of the real estate to secure the same notes. When chattel mortgages have been foreclosed, and the title to the property covered by them has become absolute in the claimants, and they have since disposed of some of the property, by such a foreclosure the mortgagees, under the laws of Maine, have received payment of a portion of their debt, equivalent to the value of the property mortgaged on the day the title to this property became absolute in the mortgagees by their foreclosure. This value has not yet been in any way determined; but whatever it amounts to should be applied in reduction of the claim, and proof allowed only for the balance of the claim remaining unpaid. It is not enough, that the claimant is willing to endorse on the notes the amount received by it from sale of a portion of the property. The whole value of the property should be endorsed. It became the property of the claimant the moment the title became absolute. It was at its risk from that time. If it had been lost or destroyed or in any way subsequently diminished in value, it would have been at the charge of its owner, the claimant; and so, if it had subsequently increased in value, it would have been its gain and advantage. As the amount to be allowed in reduction of the notes, for the personal property mortgaged to the claimant by the makers of the notes, as security therefor, and of which the claimant became the absolute owner by foreclosure of its chattel mortgage, has not been ascertained and determined, and has not been allowed by the claimant in reduction of its claim on these notes, I think, for the second cause assigned by the register in his certificate, he was correct in his decision not to allow these notes to be proved in this present stage of the cause. When a claim against a bankrupt has been paid in part by the bankrupt or any other party, the balance only is provable against the estate.

The conclusion of the register, that the claimant can only be admitted as a creditor for the balance of its debt after deducting the value of the security given to it by the shovel company, so far as it applies to the mortgage of the real estate which is not foreclosed, is not correct. Such security cannot affect the proof of the claim until fore-closed, and an absolute title to the mortgaged estate is vested in the mortgagee.

Certificate to register to conform to this opinion.

---

## Case No. 3,344.

### In re CRAMER.

[Cited in Re Jacobs, Case No. 7,159. Nowhere reported. Opinion not now accessible.]

---

## Case No. 3,345.

### In re CRAMER.

[13 N. B. R. 225;[1] 8 Chi. Leg. News, 106.]

District Court, D. Minnesota. Nov., 1875.

BANKRUPTCY—PREFERRED CREDITOR—PROOF OF DEBT.

A preferred creditor cannot prove his debt after the assignee has obtained a judgment against him setting aside the preference.

[Cited in Re Kaufman, Case No. 7,627; Re Reed, 3 Fed. 800; Re Graves, 9 Fed. 820; Re Cadwell, 17 Fed. 694.]

In bankruptcy. Kiefer & Heck, creditors of the bankrupt, made a settlement with him just previous to his bankruptcy, and received in full credit for their account certain merchandise and notes [to the full value of their claim].[2] The assignee in bankruptcy demanded the property from Kiefer & Heck, and upon a refusal to deliver commenced a suit against them, alleging a fraudulent conveyance and preference, contrary to the terms of the bankrupt act [of 1867 (14 Stat. 534)]. Upon a trial before a jury, the assignee recovered a judgment. Kiefer & Heck now seek to prove their claim before the register. Objection is made by the assignee, and the matter comes before the court for settlement.

J. B. & W. H. Sanborn, for claimant.
Rogers & Rogers, for assignee.

NELSON, District Judge. Section 5021 of the Revised Statutes authorizes the recovery by the assignee of all property received by a person having reasonable cause to believe that a debtor was insolvent, and knowing that a fraud on the bankrupt act was intended. Section 5128 defines the fraudulent preferences forbidden by the act; and section 5084 declares under what circumstances and when a creditor who has received a fraudulent preference may prove the claim on account of which the preference is made or given. The latter section forbids proof of a claim on account of which a preference is given until the creditor first surrenders to the assignee all property or advantage received under such preference. I think, in the light of these sections, inasmuch as judgment has been entered in favor of the assignee, in the suit brought against Kiefer & Heck, and

[1] [Reprinted from 13 N. B. R. 225, by permission.]
[2] [From 8 Chi. Leg. News, 106.]